By the Court.
The application for a writ of error in this case is made under section 199 of the code of criminal procedure, which authorizes the allowance of writs of error, on good cause shown, in criminal cases, not punishable with death, by the Supreme Court, or any judge thereof in vacation, “ as in civil cases.” The code of civil procedure had abolished writs of error in civil cases before this section was passed, and substituted therefor “ petitions in error,” which could be filed in the Supreme Court only on leave of the court or a judge thereof. But section 517 of the code required a “transcript of the proceedings” sought to be reviewed, to be filed with the petition in error. Under this state of legislation, applications for writs of error in *582 criminal cases were required to be made upon an authenticated transcript of the record. Subsequently section 517 of the code was so amended as to allow a transcript of the “journal entries,” and “the original papers and pleadings in the case,” to be filed with the petition in error in civil-cases. This amendment was made after section 199 of the code of criminal procedure was adopted, and does not change the rule -of practice under that section. This section was copied from the act of 1831, providing for the allowance of writs of error. When that act was passed, writs of error in civil cases were granted only upon cause shown, and, by a rule of court, applications therefor were required to be made upon a transcript of the record. But in 1845 an act was passed authorizing the writ to issue as matter of course, with the original papers and certified journal entries in the case annexed. In Farris v. The State, 1 Ohio St. 188, it was held that this act applied only to civil cases, and did not change the practice in criminal cases. We think the same rule applies to the amendment of section 517 of the civil code. Applications for writs of error must be made in the same mauner that was required before that amendment was made. In this case the application is-made upon a transcript of the journal entries and original papers, and not upon a complete transcript of the record of the case. Without such record the writ will not be allowed.